940 F.2d 663
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harvey S. JOKINEN, Defendant-Appellant,
Linda Jokinen, Defendant.
 No. 91-3327.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1991.
 
 1
 Before KENNEDY and MILBURN, Circuit Judges, and WILHOIT, District Judge.*
 
 ORDER
 
 2
 Harvey S. Jokinen, a pro se Ohio resident, appeals the judgment for the government in this civil action to enforce federal tax liens filed under 28 U.S.C. Secs. 1340 & 1345 and 26 U.S.C. Secs. 7402 & 7403. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 The government filed its complaint in the district court, seeking a judgment directing the sale of the Jokinens' residence in order to satisfy unpaid tax liens from the tax years 1976 through 1981. The Jokinens responded with an answer and counterclaim. Following a hearing on the merits, the district court entered judgment for the government and ordered the Jokinens' residence sold and the proceeds after deduction of costs of the sale distributed one-half to Mrs. Jokinen, one-half to the government up to the amount of the tax liens, with any remainder to Mr. Jokinen. A timely Fed.R.Civ.P. 59 motion was denied.
 
 
 4
 Mr. Jokinen has appealed, asserting that the district court was without jurisdiction, that his property was not subject to tax lien because it is not a state created interest, and that the district court improperly admitted into evidence computer printouts of his tax assessments. Upon consideration, we conclude that these contentions are without merit.
 
 
 5
 First, jurisdiction was proper in the district court pursuant to I.R.C. Sec. 7403(a), which authorizes the government to file suit in the United States district courts in order to enforce a tax lien. See State Bank of Fraser v. United States, 861 F.2d 954, 958 (6th Cir.1988). Second, a federal tax lien attaches to all of a taxpayer's property pursuant to I.R.C. Sec. 6321. See United States v. Big Value Supermarkets, Inc., 898 F.2d 493, 496 (6th Cir.1990). Finally, the contention that certified I.R.S. computer records were improperly admitted into evidence is without merit. See United States v. Bowers, 920 F.2d 220, 223-24 (4th Cir.1990).
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Henry R. Wilhoit, U.S. District Judge for the Eastern District of Kentucky, sitting by designation